Application denied for failure to comply with this Court's Individual Practices regarding discovery dispute motions and page limitations on letter-motions. The Court construes this "pre-motion letter" (Doc. 106) as well as Plaintiff's "emergency motion to compel deposition attendance" (Doc. 102) as his opposition to Defendants' letter-motion seeking a stay of discovery (Doc. 101). Defendants' letter-motion is granted and discovery is stayed pending resolution of the extant motions. The Clerk of Court is respectfully requested to terminate the pending motions (Docs. 101, 102).

SO ORDERED.

_______________________
Philip M. Halpern
United States District Judge

Dated: White Plains, New York
November 24, 2026

**SEAN FILLINICH, *PRO SE***
P.O. Box 101660
Arlington, Virginia 22210
westfair@outlook.com

November 15, 2026

**VIA ECF**
The Honorable Philip M. Halpern, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Sean Fillinich v. Karen Pupovic, et al., Civil Action No. 7:26-cv-03272-PMH

**Plaintiff's Status Report and Pre-Motion Discovery Letter Pursuant to Individual Rule 4(D) to Compel Party Depositions, Enforce Rule 26(f), and Authorize Remote Depositions Pursuant to Fed. R. Civ. P. 30(b)(4) and S.D.N.Y. Local Rule 30.2**

Dear Judge Halpern:

Pursuant to Rule 4(D) of Your Honor's Individual Practices in Civil Cases, Plaintiff *pro se,* Sean Fillinich, writes to provide the Court with a status report as to the November 13, 2026 meet-and-confer with Attorney Mark Reisman concerning the scheduling of depositions of the Defendants, Karen Pupovic and Ismet Pupovic[1], and, further, respectfully submits this letter-motion requesting a pre-motion discovery conference and a finite Order: (1) compelling Defendants Karen Pupovic and Ismet Pupovic ("Defendants") to appear for duly noticed depositions and comply with their mandatory discovery obligations under **Fed. R. Civ. P. 26-37 and 45, as well as Southern District of New York Local Rules 26-37 and 45**; and (2) authorizing *all depositions in this action*—including those of Defendants, non-party witness Brennen Maki,

[1] Deposition notices were sent on November 2, 2026, for Defendants, Ismet Pupovic and Karen Pupovic, respectively. Copies of these deposition notices are attached as Exhibit "A."

Esq., and any other non-party deponents—to be conducted remotely via Zoom pursuant to **Fed. R. Civ. P. 30(b)(4)** and **S.D.N.Y. Local Rule 30.2**

**I. Certification of Exhaustive Good-Faith Meet-and-Confer Efforts (Individual Rule 4(D))**

In compliance with Individual Rule 4(D) and **Fed. R. Civ. P. 37(a)(1)**, Plaintiff has exhaustively attempted over the past three months to confer in good faith with Defendants' counsel, Mark I. Reisman, Esq., to schedule depositions and establish a Rule 26(f) discovery plan. Specifically, Plaintiff previously submitted detailed discovery requests, plans, and applications on **August 9, 2026 (ECF No. 54)**, **September 15, 2026 (ECF No. 74)**, **September 18, 2026 (ECF No. 78)**, **September 22, 2026 (ECF No. 80)**, and in **October 2026 (ECF No. 92)** (which culminated in this Court's November 2, 2026 Memo Endorsement confirming that discovery is not stayed, Doc. 92). In each of those submissions, Plaintiff exhaustively detailed the scope and necessity of the discovery sought, specifying the anticipated number of deponents, targeted document requests, and expected timeframes. In response to every single one of those submissions, however, Defendants stonewalled, flatly objecting to and refusing all discovery whatsoever, blatantly insisting they will not participate in discovery absent an explicit Court order compelling them to do so. This status report and pre-motion letter seeks that very Order.

As noted initially, following this Court's explicit November 2, 2026 Order confirming that **"The Court has not stayed discovery"** (Doc. 92), Plaintiff served formal Notices of Deposition on November 3, 2026 for Ismet Pupovic (November 13, 2026) and Karen Pupovic (November 17, 2026)(Exhibit "A"), together with a renewed demand to conduct the mandatory **Rule 26(f)** conference. Defendants completely ignored those notices until late on the evening of November 11, 2026 (while, notably, the Court was closed for Veterans Day), when Mr. Reisman transmitted

a letter refusing to produce either Defendant, refusing to stipulate to remote depositions, and demanding that all discovery be held in abeyance pending their motion to dismiss.

On November 12, 2026, Plaintiff responded in writing, extending until 5:00 p.m., November 12, 2026, for Mr. Reisman to propose alternative dates and requesting a telephone meet-and-confer prior to 6:00 p.m. Mr. Reisman failed to propose any dates or confer by phone, confirming that three months of *de facto* conferral efforts have been completely exhausted and that any further meet-and-confer attempts are futile without judicial intervention.

On Friday, November 13, 2026, rather than continue to be sandbagged, and to further meet-and-confer, I spoke with Attorney Mark Reisman concerning the depositions of Defendants, Ismet Pupovic and Karen Pupovic, which were to occur on November 13, 2026 and November 17, 2026, respectively, via Zoom. *See*, Exhibit "A." Mr. Reisman had no bona fide interest in the meet-and-confer.

The meet-and-confer call of November 13, 2026 was remarkable in several respects, not the least of which were comprehensive efforts calculated to ***thwart my attempts to depose the Defendants***. At the outset of the call, I informed Mr. Reisman that "*discovery is not stayed. I am moving forward with depositions of Ismet Pupovic, Karen Pupovic, Brennen Maki and others. Are you willing right now to give me concrete dates within the next 21 days to produce Ismet and Karen for depositions, and will you stipulate to conducting them via Zoom under Rule 30(b)(4)?"*

Suffice it to say, he did not provide dates. Mr. Reisman's antics on the call ranged from attempting to engage in an impermissible dialogue about the Defendants' pending Motion to Dismiss to trying to pigeonhole what questions I planned to ask in advance, and/or additionally trying to limit them in some way, when any questions would plainly pertain to the First Amended

Complaint's allegations, all clearly inappropriate. I responded, "*"I'm not debating the motion to dismiss or conditioning discovery on extra-record proof, that is not a bona fide discovery meet and confer topic. Unless you are giving me firm dates right now, we are at an impasse and I am submitting this to Judge Halpern under Rule 4(D)."*

The call ended with no dates and no progress towards the taking of depositions. Because of the abject refusal to provide concrete dates and Mr. Reisman's lack of bona fide interest in the meet-and-confer, I have now been compelled to file this status report and letter request.

**II. Defendants' Unilateral Refusal to Participate in Discovery Violates This Court's November 2, 2026 Order**

Defendants' refusal to sit for depositions rests on two legally meritless assertions that directly defy the Federal Rules of Civil Procedure and this Court's prior directives:

First, Mr. Reisman asserts that Defendants need not appear for depositions until this Court decides their pending motion to dismiss on *Rooker-Feldman* and standing grounds. However, this Court already explicitly ruled on November 2, 2026, that **"The Court has not stayed discovery."** (Doc. 92). Under settled Second Circuit law, the mere filing of a dispositive motion does not automatically stay discovery, nor may defense counsel unilaterally impose a "self-help" stay after the Court has expressly declined to enter one. *See, e.g.*, *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).

Second, Mr. Reisman purports to condition Defendants' appearance at depositions upon Plaintiff first producing extra-record documentary "proof" of standing to defense counsel's satisfaction. This is absurd. A litigant has no authority under the Federal Rules to hold discovery hostage or act as gatekeeper over the merits of its adversary's claims before submitting to examination under oath. Having offered zero alternative dates for either Defendant, Defendants

are in violation of **Fed. R. Civ. P. 26(f)** and **30(a), and the applicable S.D.N.Y. Local Rules pertaining to discovery.** Simply, they should be compelled to appear for depositions on dates certain.

**III. Good Cause Exists Under Fed. R. Civ. P. 30(b)(4) and S.D.N.Y. Local Rule 30.2 to Conduct All Depositions Remotely via Zoom**

As this Court is likely aware, Motions to take remote or virtual depositions (such as via Zoom) in the U.S. District Court for the Southern District of New York (SDNY) are presumptively granted under Local Civil Rule 30.2. In his November 11, 2026 letter, Mr. Reisman objected to conducting depositions remotely via Zoom, insisting instead on in-person depositions within the Southern District of New York—even while simultaneously complaining that he is departing New York for a two-week vacation and that Defendants have five children and full-time jobs that make scheduling difficult. The refusal to participate by Zoom (or similar platform) is nothing more than a further obfuscation and evasion of basic discovery.

Pursuant to **Fed. R. Civ. P. 30(b)(4)**, and the S.D.N.Y. Local Rule 30.2, the Court may order on motion that a deposition be taken by remote means. Courts in this District routinely grant Rule 30(b)(4) applications where remote depositions promote efficiency, reduce financial burden, and accommodate geographic distance—particularly where a party proceeds *pro se*. *See, e.g.*, *Rouviere v. DePuy Orthopaedics, Inc.*, 471 F. Supp. 3d 571, 574 (S.D.N.Y. 2020) (recognizing that remote depositions via videoconference are a presumptively valid, cost-effective means of conducting discovery). *See*, S.D.N.Y. Local Rule 30.2.

Here, compelling in-person depositions imposes severe, unnecessary expense and logistical hardship on Plaintiff, who proceeds *pro se* and resides in Arlington, Virginia—more than 250 miles from White Plains—and whose life savings have been tied up by the very collection

campaign at issue in this lawsuit. Furthermore, remote Zoom depositions eliminate the exact scheduling, travel, and childcare burdens cited by Mr. Reisman for himself and his clients, as well as the 200-mile round-trip travel burden for Connecticut non-party witness Brennen Maki, Esq. *(Note: Plaintiff is concurrently curing the technical formatting items noted in this Court's November 12, 2026 Order [Doc. 100] regarding Mr. Maki's subpoena).*

**IV. Relief Requested**

Accordingly, Plaintiff respectfully requests that the Court schedule a pre-motion discovery conference pursuant to Individual Rule 4(D) and/or enter an Order: (1) compelling Defendants Karen Pupovic and Ismet Pupovic to appear for depositions on dates certain within twenty-one (21) days and directing the parties to submit a joint **case management** plan; and (2) ordering pursuant to **Fed. R. Civ. P. 30(b)(4)** and **S.D.N.Y. Local Rule 30.2** that all depositions in this action be conducted remotely via Zoom before a certified court reporter.

Respectfully submitted,

**/s/ Sean Fillinich**
*Sean Fillinich, Plaintiff Pro Se*